**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDOLPH FITCH, on behalf of himself, all others similarly situated and on behalf of the general public,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>SHAW INDUSTRIES, INC.; SHAW INDUSTRIES GROUP, INC.,<br><br>        Defendants-Appellants. | No.   19-56119<br><br>D.C. No.<br>2:19-cv-00590-RGK-MAA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 21, 2019[**]
Pasadena, California

Before: KLEINFELD, PAEZ, and CALLAHAN, Circuit Judges.

Shaw Industries, Inc. (Shaw) appeals from the district court's sua sponte

remand of Randolph Fitch's putative class action against Shaw for allegedly not

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

properly paying its hourly non-exempt workers. The district court held that Shaw had not made the requisite showing that the matter in controversy exceeds $5,000,000.

This appeal is controlled by our recent decision in *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), which vacated a similar remand order. In *Arias* we held "that when a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Id*. at 925. We conclude that in this case Shaw's notice of removal "plausibly alleges a basis for federal court jurisdiction," and accordingly we vacate the district court's sua sponte remand order.

On remand, should the district court again consider remanding this action to the state court, it should follow our holdings in *Arias* that: (1) "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"; (2) "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions"; and (3) "when a statute or contract provides for the recovery of attorneys' fees, prospective

attorneys' fees must be included in the assessment of the amount in controversy."

*Id*. at 922 (quoting *Ibarra v. Manheim Investments, Inc.*, 755 F.3d 1193, 1197 (9th Cir. 2015)).

The district court's order remanding this action to the state court is VACATED and the matter is REMANDED to the district court.